**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ILDEBRANDO CASTRO-GONZALEZ, AKA Faustino Aguilar, <br><br> Petitioner, <br><br> v. <br><br> WILLIAM P. BARR, Attorney General, <br><br> Respondent. | No.  18-71908 <br><br> Agency No. A024-929-853 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 19, 2019[**]

Before:     SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Ildebrando Castro-Gonzalez, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's decision denying his application for

withholding of removal and deferral of removal under the Convention Against

Torture ("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

agency's factual findings for substantial evidence. *Guan v. Barr*, 925 F.3d 1022, 1031 (9th Cir. 2019). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We deny the petition for review.

Substantial evidence supports the agency's denial of deferral of removal under CAT because Castro-Gonzalez failed to establish that it is more likely than not that he would be tortured by of with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 140, 147 (9th Cir. 2009).

We find Castro-Gonzalez's argument that the BIA violated his due process rights unpersuasive. *See Jiang*, 754 F.3d at 741 (concluding that a due process violation occurs only if the petitioner is "prevented from reasonably presenting his case").

**PETITION FOR REVIEW DENIED.**